## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of | CHAPTER 11 |
| Connie M. Howat,<br>Debtor. | CASE NO. 16-20295-CMB |
| | **HEARING DATE: October 19, 2016**<br>**HEARING TIME: 11:30 a.m.** |
| Connie M. Howat,<br>Movant, | **LOCATION**<br>U.S. Steel Tower<br>Courtroom #B, 54th Floor<br>600 Grant Street<br>Pittsburgh, Pennsylvania 15219 |
| vs. | |
| Wilmington Savings Fund Society, FSB,<br>d/b/a Christiana Trust, as trustee for<br>Normandy Mortgage Loan Trust, Series<br>2015-1,<br>Respondent. | Related to Doc. Nos. 54 and 61<br>its assignees and/or successors in interest |

### CONSENT ORDER RESOLVING CHAPTER 11 PLAN TREATMENT

IT IS HEREBY CONSENTED by and between Respondent, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan Trust, Series 2015-1, its assignees and/or successors in interest, through its retained counsel, Laurence A. Mester, Esquire, and Debtor/Movant Connie M. Howat, through her counsel, Robert O. Lampl, Esquire, that the property generally described as **4301 Middle Road, Allison Park, Pennsylvania 15101** and legally described as:

> ALL THAT CERTAIN LOT OR PIECE OF GROUND SITUATE IN THE TOWNSHIP OF HAMPTON, COUNTY OF ALLEGHENY AND COMMONWEALTH OF PENNSYLVANIA, KNOWN AS LOT NO. 1 IN THE GLADES OF NORTHAMPTON PLAN OF LOTS AS RECORDED IN THE RECORDER'S OFFICE OF ALLEGHENY COUNTY IN PLAN BOOK VOLUME 104, PAGES 117 AND 118.
>
> BEING KNOWN AND DESIGNATED AS BLOCK AND LOT 832-F-25 IN THE DEED REGISTRY OFFICE OF ALLEGHENY COUNTY, PENNSYLVANIA.

("Subject Property") shall be treated as follows:

1.      Lender shall have a secured claim in the amount of $605,028.54 (the "Secured Claim).

2.      The Secured Claim shall be amortized at 3.50% per annum for 15 years at a monthly principal and interest payment of $4,325.24, commencing with the October 1, 2016 payment with payments due on the first of each month thereafter for a period of ten (10) years, at which time the remainder owing shall be all due and payable in a balloon payment to Lender. Payments on Secured Creditor's loan obligation shall be made to Secured Creditor's servicing agent, Selene Finance LP, PO Box 71343, Philadelphia, PA 19176-6243.

3.      In addition to the monthly principal and interest payments, the Debtor shall maintain monthly payments sufficient to fund the escrow account to pay ongoing property taxes and insurance which shall be subject to change based on fluctuations. Failure to timely pay the principal and interest payment or the escrowed amounts set forth above shall be a default under the provisions herein.

4.      In the event Debtor fails to timely and properly comply with the payments set forth hereinabove, or any other terms of the subject Note and Mortgage, Movant may mail a Letter of Default to Debtor and Debtor's counsel.  Debtor shall have fifteen (15) days from the date of mailing of said Letter within which to cure the existing breach.  If Debtor fails to do so, then on the sixteenth (16th) day, Movant shall serve and lodge a Certification of Default along with a final Order for Relief from the Automatic Stay.   Upon the entry of said Order, the Automatic Stay in the above-entitled bankruptcy proceeding shall be immediately vacated and extinguished for all purposes as to Movant, allowing Movant to proceed with foreclosure of the subject Property, pursuant to applicable State law.

5.      The terms of this Stipulated Order may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without the express written consent of Secured Creditor. The terms of this Stipulation shall be incorporated into the Debtor's Chapter Plan and/or any subsequently filed Amended Chapter 11 Plan.

6.      Except as modified herein, the remaining terms of the original Note and Deed of Trust will remain viable and in full force and effect.

2

7.      In the event the Debtors case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, or in the event Secured Creditor obtains a Relief from Stay order based on Debtor's default hereunder, Secured Creditor shall retain its lien in the full amount due under the Note, all terms on Secured Creditor's claim shall revert to the original terms of the Note and Mortgage and the automatic stay shall be terminated without further notice, order, or proceeding of the court.

8.      Acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed by motion hereunder.

9.      This Stipulation shall be subject to Bankruptcy Court approval.

10.      The parties agree that a signature transmitted electronically or by facsimile shall be accorded the same force and effect, and may be submitted to the Court.  Any amendments to this consent order must be in writing signed by both the Debtors and the Movant or their respective counsel.

Respectfully submitted,

Dated: _____

MESTER & SCHWARTZ, P.C.

/s/ Laurence A. Mester
Laurence A. Mester, Esquire
*Retained Counsel for Secured Creditor*
1333 Race Street
Philadelphia, PA 19107
Telephone: (267) 909-9036
Facsimile: (215) 665-1393
E-Mail: lmester@mesterschwartz.com
S.325-163.NF

Dated: 10-7-16

LAMPL LAW

/s/ David L. Fuchs
Robert O. Lampl, Esquire
*Attorney for Debtor/Movant*
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 393-0330
Facsimile: (412) 392-0335
E-Mail: rol@lampllaw.com

3

**IT IS SO ORDERED**

_____
HON. CARLOTA M. BOHM
BANKRUPTCY JUDGE

1